# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-513-RJC
# (3:17-cr-137-RJC-DCK-2)

| | |
|---|---|
| JAMES MICHAEL HARDIN, | )
| Petitioner, | )
| vs. | )  ORDER
| UNITED STATES OF AMERICA, | )
| Respondent. | )

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

Petitioner pled guilty in the underlying criminal case to conspiracy to distribute and possess with intent to distribute at least 5 kilograms of cocaine and 280 grams of cocaine base. (3:17-cr-137, Doc. Nos. 62, 63, 64). In a Judgment docketed on May 16, 2018, the Court sentenced Petitioner to 120 months' imprisonment followed by five years of supervised release. (Id., Doc. No. 115). Petitioner did not appeal.

On June 3, 2019, Petitioner filed a *pro se* Rule 35 Motion that he specifically asked the Court not to recharacterize as a successive collateral attack. (Id., Doc. No. 124). The Court dismissed the Rule 35 Motion as untimely, informed Petitioner that § 2255 allows a prisoner to move to vacate a sentence "with certain limitations," and directed the Clerk of Court to mail Petitioner a § 2255 form. (Id., Doc. No. 125 at 1).

The instant *pro se* § 2255 Motion to Vacate is dated October 2, 2019 and raises several claims of ineffective assistance of counsel. With regards to timeliness, Petitioner states "[t]imely file within the one year Nunc-Pro-Tunc." (Doc. No. 1 at 12).

1

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A conviction becomes final pursuant to 2255(f)(4) when appeal when the United States Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012); Clay v. United States, 537 U.S. 522, 532 (2003). Where no direct appeal has been taken, a conviction becomes final pursuant to § 2255 when the time to appeal expires. See Fed. R. App. P. 4(b)(1) (14 days for a defendant to file a notice of appeal).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). Equitable tolling of petitions for collateral review is available only when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

On the present record, it appears that § 2255 Motion to Vacate is subject to dismissal as untimely because it was filed more than one year after the conviction and sentence became final. See 28 U.S.C. § 2255(f). The Court will afford Petitioner the opportunity to explain why his Motion to Amend is timely. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a Memorandum Addressing Limitations within **14 days** from entry of this Order which explains why the § 2255 Motion to Vacate is timely. Failure to comply with this Order will probably result in the dismissal of the § 2255 Motion to Vacate with prejudice as time-barred.

Signed: October 10, 2019

Robert J. Conrad, Jr.
United States District Judge